# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER INC.<br><br>Defendant. | CIVIL ACTION NO. 2:08-cv-00155 |

## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT BLOCKBUSTER INC.

Subject to and without waiving its motion to transfer venue and motion to compel individual arbitration, Defendant Blockbuster Inc. ("Blockbuster" or "Defendant") files its Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Complaint") as follows:

### I. ARBITRATION AND VENUE

Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny and Blockbuster are parties to a mandatory arbitration agreement requiring this dispute to be resolved by individual arbitration. In light of this agreement, Blockbuster seeks individual arbitration of this matter under the Federal Arbitration Act. Blockbuster submits this Answer and Affirmative Defenses subject to and without waiving its right to compel individual arbitration under the Agreement.

Subject to and without waiving its right to compel individual arbitration of this matter, Blockbuster is filing contemporaneously herewith a Motion to Transfer Venue to the United

1

States District Court for the Northern District of Texas because this action has no connection with the Eastern District of Texas and it would be inconvenient for this action to proceed any further in this District.

## II. ANSWER

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. With respect to the first sentence of paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, except that Defendant admits that Harris is a user of Blockbuster Online and believes that Harris is a Dallas County resident. Defendant denies all the remaining allegations contained in paragraph 2 of the Complaint.

3. With respect to the first sentence of paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, except that Defendant believes that Herrera is a Dallas County resident. Defendant denies all the remaining allegations contained in paragraph 3 of the Complaint.

4. With respect to the first sentence of paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, except that Defendant admits that Hosseiny is a user of Blockbuster Online and believes that Hosseiny is a Dallas County resident. Defendant denies all the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Blockbuster is a Delaware corporation. Defendant further admits that it does business in Texas and that it has been served in this action. Otherwise, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions to which a response is not required.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the quotations contained in paragraph 8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in the first sentence of paragraph 12 of the Complaint. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except that Defendant admits that Facebook issued a press release in November 2007 relating to Blockbuster.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except that Defendant admits that the Beacon system is designed to permit businesses to communicate with their customers.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, but Defendant admits that Facebook issued a press release in December 2007 about its Beacon feature.

18. Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the quotation contained in paragraph 18 of the Complaint. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that users of Facebook have to give their express consent to send the beacon summaries to friends. Defendant further admits that Facebook made changes to their Beacon system on or before November 29, 2007, and users of Facebook have to give their express consent to send the beacon summaries to friends. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant admits that the quote contained in paragraph 22 was included in a press release of Facebook. Defendant denies any remaining allegations in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations but admits that it operates a website where members can rent or purchase DVDs.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies any and all allegations contained in Plaintiffs' demand for relief contained in the Complaint and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Defendant.

### III. DEFENDANT'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to the following (other than any burden imposed by law) and subject to and without waiving its right to compel individual arbitration, Defendant further asserts:

1. Plaintiffs' claims are barred because they are covered by a mandatory arbitration agreement, which requires individual arbitration and prohibits participation in a class action or class-wide arbitration.

2. Plaintiffs' Complaint, and each count thereof, fails to state a claim upon which relief may be granted.

3. Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(A) because each alleged disclosure of information, if any, was made to the consumer.

4. Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(E) because each alleged disclosure of information, if any, was made in the ordinary course of business.

5. Plaintiffs' claims are barred because the alleged disclosure, if any, did not contain personally identifiable information as defined under applicable law.

6. Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(B) because each alleged disclosure of information, if any, was made with Plaintiff's consent.

7. Plaintiffs' claims are barred in whole or in part by the provisions of 18 U.S.C. § 2710(b)(2)(D).

8. Plaintiffs' claims are barred because 18 U.S.C. § 2710(a)(4) and § 2710(b)(1) are not applicable to the conduct of Defendant as alleged by Plaintiff.

9. Plaintiffs' claims are barred because the alleged disclosure, if any, was not made knowingly as defined under applicable law.

10. Plaintiffs' claims are barred by the doctrines of estoppel and waiver. Plaintiffs' claims are also barred because Plaintiffs consented to or invited any alleged disclosure of information.

11. Plaintiffs' own conduct, and/or the conduct of other persons caused the damages that Plaintiffs seek to recover from Defendant. Accordingly, Defendant cannot be held liable under any circumstances, or, alternatively, Plaintiffs' damages, if any, must be reduced by the amount of damages caused by Plaintiffs' own intentional and negligent conduct and/or the conduct of others.

12. Plaintiffs' claims are barred by the doctrine of ratification.

13. Plaintiffs' claims are barred by the doctrine of unclean hands.

14. Plaintiffs' claims are barred because application of 18 U.S.C. § 2710 in this case would violate Blockbuster's rights to free speech and its right to communicate to its customers.

15. Plaintiffs may not recover under 18 U.S.C. § 2710 because Plaintiffs did not suffer actual damages. Plaintiffs' claims are barred because they have not suffered any injury by reason of any act alleged to have been committed by Defendant.

16. Plaintiffs may not recover liquidated damages under 18 U.S.C. § 2710(c)(2)(A) because such damages would constitute a penalty.

17. Plaintiffs' claims for damages are in contravention of Defendants' rights under the United States and state constitutions, including, but not limited to, the Due Process Clause of the United States Constitution.

18. The damages that Plaintiffs seek would be disproportionate to the harm alleged or suffered by Plaintiffs and excessive and would violate Defendants' rights under the due process clauses of the United States and applicable state constitutions. Additionally, Plaintiffs' request for annihilating liquidated damages violates Defendant's constitutional rights under the United States Constitution and applicable state constitutions.

19. Plaintiffs failed to mitigate their alleged damages.

20. Plaintiffs cannot recover liquidated damages or punitive damages under applicable law. In addition or in the alternative, Plaintiffs' claims for liquidated damages or exemplary damages are subject to the limitations and requirements of applicable state laws, including, for example, Chapter 41 of the Texas Civil Practice and Remedies Code. Plaintiffs' claims for liquidated damages or exemplary damages are in contravention of Defendant's rights under the United States and state constitutions. Also, with respect to Plaintiffs' demand for certain damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and recovery of damages that appear in the following opinions, among others: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW*

*of N. Am. v. Gore*, 517 U.S. 559 (1996). In addition, the same types of limits that apply to Plaintiffs' claims for punitive damages should be applied to Plaintiffs' claims for non-pecuniary or non-economic damages.

21. Blockbuster has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiffs. Accordingly, Blockbuster reserves the right to assert additional defenses as necessary based on its ongoing investigation and discovery.

## IV. PRAYER

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Michael L. Raiff
Michael L. Raiff
  State Bar No. 00784803
Frank C. Brame
  State Bar No. 24031874
Vinson & Elkins L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
214.220.7705
214.999.7705 (fax)
mraiff@velaw.com

*ATTORNEYS FOR DEFENDANT BLOCKBUSTER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer and Affirmative Defenses of Blockbuster Inc. was served by ECF on the 17th day of June, 2008 on counsel of record for Plaintiffs.

/s/ Michael L. Raiff
Michael L. Raiff

1399413_2.DOC