IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:08-cv-00155 |
| v. | § § | |
| BLOCKBUSTER INC. | § § § | |
| Defendant. | | |

## DECLARATION OF FRANK BRAME

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

I, Frank Brame, make this Declaration under the penalty of perjury under the laws of the United States:

1. My name is Frank Brame. I am over eighteen years of age and have never been convicted of any crime. I am fully competent to make this declaration. I have personal knowledge of the facts recited herein and declare such facts are true and correct.

2. I am an associate at Vinson & Elkins, L.L.P., attorneys for Blockbuster Inc. ("Blockbuster") in the above litigation. I am making this declaration in support of Blockbuster's Motion to Transfer Venue.

3. I graduated from law school in 2001 and have been practicing law in Texas since that time. I have worked on cases pending in both the Northern District of Texas and the Eastern District of Texas.

DEFENDANT'S EXHIBIT B

1

4. The federal courthouse in Dallas is located at 1100 Commerce St., Dallas, Texas. The federal courthouse in Dallas is approximately three blocks from Blockbuster Inc.'s headquarters, which includes the offices and staff of Blockbuster Online as well as Blockbuster's in-house counsel. The courthouse is approximately eight or nine blocks from Vinson & Elkins and is a similar distance from the offices of the Corea Firm, lead counsel for Plaintiff.

5. Based on the Complaint, Plaintiffs are all residents of Dallas County, Texas, within the Dallas Division, and reside much closer to the Dallas courthouse than to Marshall. *See* Original Complaint ¶¶ 2-4. Furthermore, Plaintiffs' conduct alleged in this case – using their computers as users of Blockbuster Online – would have also occurred in Dallas County, Texas. *Id.*

6. Blockbuster has at least four witnesses it would call at the trial of this matter, including Ryan Miller, Chris Zarski, Drexel Owusu, and Phillip K. Morrow. Ryan Miller's job title is Director of Product Management Online. He is likely to testify regarding Blockbuster Online operations. Chris Zarski's job title is Director of Customer Acquisition. He is likely to testify regarding Blockbuster Online's marketing. Drexel Owusu's job title is Director of Strategic Planning. He is likely to testify regarding Facebook. Phillip K. Morrow's job title is Senior Vice President and Chief Information Officer. He is likely to testify regarding Blockbuster Online operations and management. As explained in the Declaration of Ryan Miller, it would be much more convenient for these witnesses to travel to trial in Dallas than Marshall. Because Blockbuster Online is located in Dallas, any other witnesses Blockbuster is likely to call in this case will also be employed in Dallas.

7. In addition, Blockbuster might call witnesses from Facebook, Inc. Facebook, Inc. is located at 156 University Avenue in Palo Alto, California. Blockbuster might call a Facebook

corporate representative as well as a technical witness regarding the Beacon system. Each of these witnesses would likely need to travel from Palo Alto, California to Texas for hearing and trial. I understand that American Airlines has approximately 7 non-stop flights per day to Dallas, Texas from San Jose International Airport. To my knowledge, there are no direct or indirect flights between San Jose and Marshall, Texas. It is likely to be more inconvenient and expensive for Facebook witnesses to attend trial in Marshall rather than in Dallas.

8. In my experience, this case could be tried much more conveniently in Dallas than in Marshall. Having reviewed the affidavit of Ryan Miller, I understand that Blockbuster's documents and witnesses are all located at Blockbuster's headquarters in downtown Dallas. A trial in Marshall would be approximately 150 miles away and would require Blockbuster to incur substantial expense for travel, hotel, and time away from work for Blockbuster witnesses who live and work in Dallas. Meanwhile, in Dallas, witnesses could return to work on a same-day basis and would not need to travel or stay overnight. For these reasons, it would be significantly more convenient for these parties, witnesses, and counsel to try this case in Dallas.

9. In addition, based on my experience, this case can be brought to trial quickly and efficiently in the Northern District of Texas. The Northern District of Texas has no backlog or congestion of cases that would make transfer inappropriate. I have reviewed the Federal Court Management Statistics for the Northern and Eastern District on www.uscourts.gov. As the 2007 statistics show, the Northern District has a lower caseload per judge (324) than the Eastern District (419), a faster median disposition rate (6.8 v. 9.0 mos.), and a similar median time to trial (19.4 v. 18.0 mos.). Also, due to the high number of complex matters being handled in the Eastern District, the weighted filings for 2007 show a substantially greater caseload per judge for courts in the Eastern District (674) versus the Northern District (470). Therefore, based on the

available data, it would be just as efficient, if not more so, to handle this case in the Dallas Division of the Northern District of Texas.

Date: June 17, 2008

_____
Frank Brame

1404247_1.DOC

4