IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARY AM HOSSEINY on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER, INC.<br>Defendant. | CAUSE NO. 2:08-cv-00155<br><br>JUDGE: DAVID FULSOM |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
<u>**OPPOSED MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**</u>

TO THE HONORABLE JUDGE FOLSOM:

Plaintiffs in the above-referenced suit files their Response to Defendant's Opposed Motion to Transfer Venue and Brief in Support, and would respectfully show the Court as follows:

**I.**

<u>**PRELIMINARY STATEMENT**</u>

Blockbuster, Inc. ("Blockbuster") is a video rental company which literally operates world-wide. Blockbuster rents videocassettes and DVDs through its traditional "brick and mortar" stores, but also operates an online rental service whereby videos are mailed to customers who request them through Blockbuster's website. This lawsuit involves Blockbuster's routine disclosure of its customers' "personally identifiable information" to a company called Facebook. As described in Plaintiffs' First Amended Complaint, Facebook operates a social network website that is now ranked 7th in the world for website traffic. Facebook operates its website out of California.

Dockets.Justia.com

The Video Privacy Protection Act[1] generally prohibits a video provider from disclosing "personally identifiable information" about its customers to a third party. Blockbuster can only avoid liability by demonstrating that its routine disclosure of its customers "personally identifiable information" was done with the customers "express written consent *obtained at the time the disclosure is made.*"[2] Plaintiffs, on behalf of themselves and a nationwide class, contend that their "express written consent" was never obtained by Blockbuster, much less at the time Blockbuster disclosed their "personally identifiable information" to Facebook Thus, this litigation will focus primarily on the content of the disclosures made by Blockbuster to a California entity. This will require obtaining evidence from Facebook in California. It will be no more convenient to take depositions and review documents in California if this action is transferred to the Northern District of Texas.

Furthermore, as will be discussed in more detail below, the fact that Defendant will need to use its own records to defend itself and call its own employees as witnesses does not warrant transfer to the Northern District of Texas. All of the non-California witnesses and evidence identified by Blockbuster are either plaintiffs or employees of Blockbuster.

Furthermore, the Eastern District also has a strong interest in resolving this dispute. Blockbuster does not dispute that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391[3] and has, therefore, waived that argument. Instead, Blockbuster argues that it is inconvenient for it to defend its actions in the Eastern District of Texas. Although Blockbuster prefers to focus on its operations in the Northern District of Texas, its operations in the Eastern District of Texas simply cannot be understated. Blockbuster admits that it maintains a

---

[1] *See* 18 U.S.C. § 2710.
[2] *See id.* (emphasis added).
[3] *See* 15 Wright & Miller: Federal Prac. & Proc. § 3842 ("Section 1404(a) presupposes that the court in which suit was filed is a proper venue."). In fact "[t]ransfer under §1404(a) is possible only if venue is proper in the original forum and federal jurisdiction existed there." *See id.*

distribution center in McKinney, Texas, but fails to mention that this 850,000 square foot facility is the backbone of its national operations and supplies almost all of its stores with the videos they rent.[4] In short, Blockbuster does a substantial amount of business within the Eastern District of Texas. Despite this undeniable fact, Blockbuster maintains that it is inconvenient for it to bring its own employees to trial in the Eastern District of Texas.

The Eastern District of Texas also has a strong interest in adjudicating this national class action lawsuit, based on actions of Defendant which violate hundreds of thousands consumers rights under the Video Privacy Protection Act. Undoubtedly, this lawsuit involves violations of the rights of numerous residents of the Eastern District. For these reasons, transfer of this action would be improper.

Blockbuster seeks to fulfill a heavy burden of demonstrating that this Court is an inconvenient forum. Courts in this District have routinely recognized the substantial defference that should be given to a plaintiffs' choice of a forum. As will be further demonstrated below, Blockbuster has failed to meet that burden and, accordingly, transfer of this action is not warranted.

## II.

## ARGUMENTS AND AUTHORITY

A.  **The Standard For Discretionary Transfer Of Venue Requires The Court To Weigh All Relevant Factors.**

Blockbuster seeks to transfer this action pursuant to 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil litigation to any other district or division where it might have been brought."[5]

---

[4] *See* Blockbuster's 2006 10k filing with the Securities and Exchange Commission at pg. 36 (excerpt attached as Exhibit 1).
[5] 28 U.S.C. § 1404(a).

The Supreme Court of the United States has explained that § 1404(a) is intended to place discretion in the district court to decide motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness."[6] Accordingly, the decision to transfer a case under § 1404 rests within the sound discretion of the trial court.[7]

In determining whether or not to grant a transfer of venue request pursuant to § 1404(a), the Court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."[8] The factors considered in a court's decision regarding transferring venue fall into two groups: 1) "those relating to the convenience of the litigants"; and 2) "those relating to the public interest in the fair and efficient administration of justice."[9]

The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[10] Further, the factors related to the public interest in the fair and efficient administration of justice consist of: 1) the administrative difficulties caused by court congestion; 2) the local interest in adjudicating local disputes; 3) the unfairness of burdening citizens in an unrelated forum with jury duty; and 4) the avoidance of unnecessary problems in conflict of laws.[11] In balancing all relevant factors in the Court's determination

---

[6] *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1946)).

[7] *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

[8] 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 2d § 3847 (2005); *see also Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

[9] *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (internal citations omitted); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947) (forum non conveniens).

[10] *In re Volkswagen AG* 371 F.3d 201, 203 (C.A.5 (Tex.),2004); *Mohamed*, 90 F. Supp. 2d at 771; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947) (forum non conveniens).

[11] *Id.*

"certain factors . . . merit special consideration" like "the plaintiff's choice of forum" and the "difference in docket congestion."[12]

Finally, the party moving for a change in venue bears the heavy burden of demonstrating why the forum should be changed.[13] To prevail, the movant must convincingly establish that the balance of convenience and justice weighs heavily in favor of the transfer.[14]

**B.     Application Of The Relevant Discretionary Transfer Of Venue Factors Strongly Favors Adjudication Of This Matter In The Eastern District Of Texas.**

In reviewing the relevant factors, it becomes clear that this matter should be resolved in the Eastern District of Texas. The factors related to the convenience of the parties as well as the factors related to the public interest in the fair and efficient administration of justice support this conclusion. Each of these will be analyzed below.

    **1.     The Factors Related to The Convenience of the Parties Weighs Against Transfer.**

        **a.     Plaintiff's choice of forum is logically related to this litigation and should not be usurped by Defendant's misplaced allegations of convenience.**

It is well recognized in this jurisdiction (and many others) that the plaintiff's initial choice of forum "is the primary factor to be considered" in determining motions to transfer venue.[15] Indeed, this very Court has expressed the historic view that a plaintiff's right to choose a forum is a "well established", "usually highly esteemed", "paramount consideration in any

---

[12] *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 780 (E.D. Tex. 1992).

[13] *See e.g., Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

[14] *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) ("To prevail, the moving party must show that the balance of convenience and justice weights heavily in favor of the transfer. Therefore, when assessing the merits of a § 1404(a) motion, a court must determine if a transfer would make it substantially more convenient for the parties to litigate the case.") (internal citations omitted).

[15] *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 780-81 (E.D. Tex. 1992) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Time, Inc. v. Manning*, 366 F.2d 670698 (5th Cir. 1966) ("Plaintiff's privilege to choose, or not to be ousted from his chosen forum is 'highly esteemed.'") (other internal citations omitted)).

determination of transfer request" that "should not be lightly disturbed."[16] Contrary to Blockbuster's assertions, the notion that "Plaintiff's choice of forum should be given little deference" is based on an unwarranted extrapolation of the common law,[17] as Blockbuster has substantial and continuous operations within the Eastern District of Texas.

In any event, it is universally accepted that a plaintiff has a choice in where he chooses to file suit in Federal Court. Many factors are considered in such a decision.[18] Plaintiff chose to bring suit in the Eastern District of Texas, and specifically in the Marshall Division for myriad reasons, including but not limited to: 1) the Marshall Division's relatively small criminal docket; and 2) the fact that the Eastern District of Texas implemented a Civil Justice Expense and Delay

---

[16] *In re Triton Limited Securities Litigation*, 70 F. Supp. 2d 679, 687 (E.D. Tex. 1999) (internal citations and quotations omitted); *see also Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774, n.18 (E.D. Tex. 2000) ("... plaintiff's choice of forum is typically the *first* factor listed for Section 1404(a) analyses in most court's opinions. It is axiomatic that the *very first* factor historically considered by courts in Section 1404(a) analyses is not the tailbone. If anything, it's the head.") (internal citations and quotations omitted).

[17] *Mohamed v. Mazda Motor Corp.* 90 F.Supp.2d 757, 773 -774 (E.D.Tex.,2000)("Judge Schell held that "deference to plaintiff's choice of forum disappears when the lawsuit has no connection ... to the venue chosen." *Reed v. Fina Oil and Chemical Co.*, 995 F.Supp. 705, 714 (E.D.Tex.1998) (citing *Lindloff*, 950 F.Supp. at 185; *Fletcher*, 648 F.Supp. at 1404; *Lands v. St. Louis Southwestern R.R. Co.*, 648 F.Supp. 322, 324 (E.D.Tex.1986)). But closer examination of this authority reveals that it is, in fact, a proposition taken out of context from a district court opinion on a class action over forty years ago-more important, this proposition is in direct contravention to the United States Supreme Court's admonition *774 that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839 (considerable emphasis added*).*")(*" The time has come to lay this ungrounded, "disappearing deference" proposition to rest; and this Court does so today. In this Court, deference to the plaintiff's choice of forum never "disappears" under any circumstances. Rather, it routinely falls under this Court's analysis with the other ten or so private and public interest factors necessary for a proper Section 1404(a) analysis."*)(emphasis added)

[18] *See McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983) ("The existence of [forum choices] not only permits, but indeed invites counsel in an adversary system, seeking to serve his client's interest, to select the forum that he considers most receptive to his cause. The motive of the suitor in making his choice is ordinarily of no moment: the court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are move favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor."); *see also Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 996 (E.D. Tex. 1993) ("every litigant who files a lawsuit engages in forum shopping when he chooses a place to file suit. The Court is concerned only with whether the choice of forum is a proper one under the law, and not with the motives of the party selecting the forum. The venue statutes are inherently broad, and litigants must often make an election from among several options as to where to file a lawsuit. The litigant's right to choose a forum is well established, and there are well-recognized tests under 28 U.S.C. § 1404 to determine whether a party has exceeded the bounds of fairness, convenience, and judicial economy in the selection made.") (internal citation omitted).

Reduction Plan pursuant to the Civil Justice Reform Act of 1990[19] well over a decade ago.[20] According to the Office of the Federal Judiciary's Annual Report, in September 2007, the median time to reach trial in a jury case in the Northern District of Texas was 21 months, while the median time to reach a jury trial in the Eastern District of Texas was 17 months.[21] Accordingly Plaintiff's choice of forum is logically related to this litigation and should be given deference.

As stated above, Blockbuster is imposed with a heavy burden in establishing that transfer is warranted and that Plaintiffs' choice of forum should be overruled. When one closely examines the factors discussed by Blockbuster, however, it becomes clear that Blockbuster has failed to meet that burden.

### b. The Relative East of Access to Sources of Proof.

Blockbuster's claim that proof would be more easily obtained in The Northern District ignores modern technology. When the United States Supreme Court decided *Gulf Oil* in 1947 law offices were not equipped with copiers, computers, or scanners, and the video camera and e-mail had yet to be conceived. In this modern era of videotaped depositions, pdf files, e-mail, and computers, the accessibility and location of sources of proof has become decreasingly important.[22] Blockbuster claims that since witnesses and evidence are located in Dallas County, this case should be transferred. The fact is, however, that the only evidence involved in this case is contained on computers belonging to Blockbuster and Facebook. It is no more difficult for Blockbuster to access its own computers, or allow inspection of those computers by Plaintiff if

---

[19] 28 U.S.C. § 471 *et seq.*

[20] *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 781 (E.D. Tex. 1992).

[21] *See* Federal Judicial Caseload Statistics, Statistical Table C-10 (Sept. 2007), http://www.uscourts.gov/judbus2007/appendices/C10Sep07.pdf.

[22] *Mohamed*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) ("Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage.") (citing *Arrow Elecs., Inc. v. Ducommun, Inc.* 724 F. Supp. 264, 266 (S.D.N.Y. 1989); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 932 (W.D. Mo 1985))

this case is heard in the Eastern District of Texas. Plaintiffs are obviously wiling to make themselves available in Dallas for their depositions. Plaintiffs are also certainly willing to depose Blockbuster employees in Dallas, as counsel for both parties are located in Dallas. Thus, there should be no access to proof problems which would be alleviated by transfer. It is somewhat disingenuous for Blockbuster to argue that access to sources of proof already in its possession somehow warrants transfer.

As for evidence in Facebook's possession, that evidence becomes no more accessible if this case is transferred to the Northern District. As noted by Blockbuster, Facebook remains outside of the subpoena power of both the Northern and Eastern Districts. Thus, information from Facebook will have to be obtained in California. This is no easier if the case is in the Northern District. In short, Blockbuster has failed to identify any piece of evidence which will be more easily obtained in the Northern District than in the Eastern District. Thus, this factor does not really favor either party's position. All of the evidence necessary to try this case is already in the possession of the parties to this lawsuit, except for that evidence in the possession of Facebook. Moving this case to the Northern District does not make it any easier to obtain evidence and deposition testimony from a California company. Blockbuster has simply failed to demonstrate how this factor warrants transfer. And Blockbuster has certainly not demonstrated why this factor should trump Plaintiffs' well esteemed venue choice.

c. **The Availability of Compulsory Process to Secure the Attendance of Witnesses.**

While Blockbuster admits that this factor would have no relevance for any Facebook witnesses, as those witnesses reside in California and are outside of the subpoena power of both of the proposed and existing venues. Amazingly, however, Blockbuster contends that compulsory process might be necessary to secure the testimony *of its own employees*. Admittedly, Defendant is not exactly forthcoming in this argument. Defendant names four

witnesses it intends to call. Each of these witnesses are said to work at 1201 Elm Street, Dallas, Texas. Of course, this is Blockbuster's address. Defendant could have included a suite number for these witnesses address, but chose not to do so. It is clear from a review of the job titles, however, that these witnesses are, in fact, Blockbuster employees. Defendant, of course, was aware of authority which states that "[a] defendant's motion to transfer under s 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by that party."[23] As the only witnesses identified by Defendant, other than those from California, are Defendant's employees, this factor is, at a minimum, not helpful to Defendant. Thus, we are still left without a factor which would meet Blockbuster's heavy burden and warrant overruling Plaintiffs' legitimate venue choice in this case.

### d. The Cost of Attendance for Willing Witnesses.

The party seeking transfer "must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover."[24] Blockbuster completely fails to consider, however, whether "it [is for] the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor . . ."[25] Blockbuster has made no credible argument that it is more convenient for California witnesses to travel to Marshall than to Dallas

---

[23] *Galonis v. National Broadcasting Co., Inc.* 498 F.Supp. 789, 793 (D.C.N.H., 1980)("A defendant's motion to transfer under s 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by that party. WRIGHT, MILLER & COOPER, supra, s 3851 at 267-68. Since the defendants can compel their employees to testify in New Hampshire, there is little fear that their "live" testimony will be sacrificed by the New Hampshire venue.); *see also Boutte v. Cenac Towing, Inc.* 346 F.Supp.2d 922, 933 (S.D.Tex.,2004)(" The convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial. *See, e.g., Robertson v. M/V CAPE HUNTER*, 979 F.Supp. 1105, 1107 (S.D.Tex.1997).").

[24] *Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1402 (E.D. Tex. 1986) (internal quotations and citations omitted).

[25] *Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 775 (E.D. Tex. 2000) (internal quotations and citations omitted). ("Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp.*, 855 F.Supp. at 198 (citing *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y.1990); *DEV Indus., Inc. v. NPC, Inc.*, 763 F.Supp. 313, 315 (N.D.Ill.1991); *Designs by Glory, Ltd. v. Manhattan Creative Jewelers, Inc.*, 657 F.Supp. 1257, 1259 (S.D.N.Y.1987)). ")

in the event that they choose to willingly testify at trial. First, these witnesses' testimony will likely be obtained by deposition. Should these witnesses prove necessary for trial, the fact that they would have to travel a bit further to Marshall than to Dallas hardly warrants transfer of this litigation.

As for the remaining witnesses, they appear to be Blockbuster employees and courts have previously held that transfer is not warranted simply for the convenience of witnesses who are employees of a defendant.[26] As Courts have recognized, this factor relates to primarily non-party witnesses. However, should the Court decide to give weight to this factor, that weight should be slight. The fact that Blockbuster operates an 850,000 square foot distribution facility in the Eastern District suggests that it is hardly inconvenient for Blockbuster to defend a lawsuit in the Eastern District of Texas. Blockbuster's distribution facility operates as its national hub for distribution of video materials to its hundreds of stores around the country. Numerous Blockbuster employees work at this facility. Based on these substantial operations within the Eastern District, it is hardly unfair to require Blockbuster to appear in the Eastern District. Thus, Defendant has failed to meet its burden on this factor. This factor does not weigh in favor of transfer. Even if the Court should give it some weight, it is hardly sufficient to overcome the heavy burden of upsetting Plaintiffs' choice of a forum.

        e.        **All Other Practical Problems That Make Trial Of A Case Easy, Expeditious, and Inexpensive.**

Blockbuster does not really add anything new to the analysis in its evaluation of this fact. Blockbuster's argument essentially boils down to this: the facilities it chooses to discuss are

---

[26] *Galonis v. National Broadcasting Co., Inc.* 498 F.Supp. 789, 793 (D.C.N.H., 1980)("A defendant's motion to transfer under s 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by that party. WRIGHT, MILLER & COOPER, supra, s 3851 at 267-68. Since the defendants can compel their employees to testify in New Hampshire, there is little fear that their "live" testimony will be sacrificed by the New Hampshire venue.); *see also Boutte v. Cenac Towing, Inc.* 346 F.Supp.2d 922, 933 (S.D.Tex.,2004)(" The convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial. *See, e.g., Robertson v. M/V CAPE HUNTER*, 979 F.Supp. 1105, 1107 (S.D.Tex.1997).").

located in Dallas; thus it would prefer to be sued there. Given Blockbuster's pervasive presence in the Eastern District of Texas, however, this factor should carry little weight with the Court.

After reviewing the several factors identified above, it is clear that none of them actually demonstrate that this case is any more conveniently tried in the Northern District of Texas than in the Eastern District. The identified factors are certainly insufficient to overcome Blockbuster's heavy burden in demonstrating that Plaintiffs' legitimate choice of a forum should be overruled.

Of course, the Court is also required to consider the public interest factors. As will be demonstrated below, those factors do not warrant transfer either..

### 2. The Factors Related to the Public Interest in the Fair and Efficient Administration of Justice Weigh Against Transfer.

As mentioned above, the factors related to the public interest in the fair and efficient administration of justice weigh against transfer. Each of those factors will be discussed below.

#### a. Administrative difficulty weighs strongly against transferring this case to the Northern District of Texas.

As mentioned above, the median time to jury trial in the Eastern District is 17 months while the median time to jury trial in the Northern District is 21 months. Moreover, the Eastern District of Texas implemented a Civil Justice Expense and Delay Reduction Plan—pursuant to the Civil Justice Reform Act of 1990[27] well over a decade ago.[28] Thus, any attempt by Defendant to stymie or unnecessarily prolong the discovery process in this case will be dealt with swiftly in the Eastern District of Texas. Additionally, not only are more civil cases filed in the Northern District of Texas,[29] but more cases also reach trial in the Northern District of

---

[27] 28 U.S.C. § 471 *et seq.*

[28] *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 781 (E.D. Tex. 1992).

[29] It should also be noted that the Eastern District of Texas has a relatively small criminal docket relative to the Northern District of Texas.

Texas.[30] Finally, the Eastern District of Texas Local Rule CV-26 evidences the significant efforts made by the Court to endeavor to move the discovery process along and bring cases before it to trial.[31] Accordingly, this factor too weighs against transfer. At best this factor is a non-factor. Both Courts are busy and this case should not cause significant congestion on either Courts' docket. In any event, this factor, standing alone, is an insufficient basis to overcome Plaintiffs' choice of venue in this case.

### b. The Local Interest of Having Localized Interests Decided at Home.

Blockbuster erroneously claims that the alleged wrong occurred within The Northern District. The alleged wrong in this case is the disclosure of Plaintiffs' "personally identifiable information" to a California entity. Facebook operates in California. The information which was wrongfully disclosed, was wrongfully disclosed in California. All of the evidence of the contents of those wrongful disclosures is contained on Facebook's computers, in California. The fact that Blockbuster may wish to rely on information on its own computers in Dallas to attempt to excuse this wrongful disclosure does not change the fact that the disclosure is the underlying violation of the Video Privacy Protection Act, and the wrongful disclosure was made in California. Thus, this factor does not weigh in favor of transfer.

Blockbuster also argues there is no local interest in adjudicating this cause in the Eastern District. Plaintiffs strongly believe that through discovery it will become apparent that numerous individuals who reside in the Eastern District of Texas also use Blockbuster's services and have also had their "personally identifiable information" wrongfully disclosed to Facebook. Blockbuster's violations of the VPPA were systemic violations occurring through their online video rental services. Certainly, many individuals residing in the Eastern District of Texas used

---

[30] *See* Federal Judicial Caseload Statistics, Statistical Table C-10 (Sept. 2007), http://www.uscourts.gov/judbus2007/appendices/C10Sep07.pdf.
[31] E.D. Tex. LR CV-26.

those online services. Those individuals have a strong interest in the adjudication of this very dispute. Accordingly, the Eastern District of Texas has a strong interest in adjudicating this dispute. Furthermore, those residents of the Eastern District are part of the putative class and have been unwitting victims of Defendant's numerous and repeated violations of the Video Privacy Protection Act.

Defendant merely attempts to confuse this issue by asserting that venue is only determined by looking at the residence of the proposed class representatives. While this is true in determining whether venue is proper in the first instance – venue has already been established in the Eastern District – the class allegations' connections to the Eastern District can certainly be considered when a transfer is sought under section 1404.[32]

Finally, as discussed above, Blockbuster has substantial facilities in the Eastern District of Texas and the Courts of the Eastern District clearly have an interest in resolving allegations that Blockbuster is violating its customers' (many of whom reside in the Eastern District) rights under Federal law. For these reasons, the Eastern District of Texas has an interest of this lawsuit. Thus, this factor does not help Blockbuster in meeting its heavy burden of upsetting Plaintiffs' esteemed right to choose its venue within those properly available to it. Thus, transfer of this action is not warranted.

   c. **As residents of the Eastern District have a strong interest in the outcome of this case, serving on the jury is not an unfair burden.**

For the reasons above, it is not unfair to ask the citizens of the Eastern District of Texas to serve as members of the jury in this case. As such, this factor also weighs against transfer.

---

[32] *Saperstone v. Kapelow* 279 F.Supp. 781, 783 (D.C.N.Y. 1968) ("Finally, it must be remembered that plaintiffs sue not only for themselves, but on behalf of the stockholders of American. The weight to be given to this factor has been referred to in *Koster v. Lumbermens Mut. Cas.* Co., 330 U.S. 518, 525-526, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)").

### d. No conflict of law will arise.

If this Court chose to transfer this cause to the Northern District of Texas, federal and Texas law would still apply. Accordingly, this factor should not weigh either way in this Court's transfer analysis.

### III.

### CONCLUSION

As the factors relating to the convenience of the litigants as well as the factors relating to the public interest in the fair and efficient administration of justice favor the adjudication of this case in the Eastern District of Texas, Plaintiff respectfully requests that Defendant's Motion to Transfer Venue be denied.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

_____
Jeremy R. Wilson
State Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214) 953-3900
Facsimile: (214) 953-3901

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via facsimile on this the 2nd day of July, 2008.

_____
Jeremy R. Wilson