IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER INC.<br><br>Defendant. | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 2:08-cv-00155 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Defendant Blockbuster Inc. ("Blockbuster") files this Reply in Support of its Motion to Transfer Venue to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), and states as follows:

### I. INTRODUCTION

In their response to Blockbuster's motion to transfer venue to the Dallas Division of the Northern District of Texas, plaintiffs offer no compelling reason why this case – a dispute between a Dallas company and three Dallas plaintiffs – should proceed in Marshall, Texas. None of the named parties have any particular connection to the Eastern District of Texas. Blockbuster's corporate headquarters is located just a few blocks from the federal courthouse in downtown Dallas, and plaintiffs all live in Dallas County.

Trying desperately to establish some particular connection between this dispute and the Eastern District, plaintiffs assert that unnamed members of their purported class reside here. That may be true, but it proves too much. Plaintiffs' proposed class is national in scope and there is no indication that putative class members are concentrated, or even significantly present,

Dockets.Justia.com

in the Eastern District. Accordingly, the same reasoning would therefore apply with equal force to virtually every judicial district in the country. The same is true regarding Blockbuster's physical presence in this district, which is limited to various stores and a distribution center in McKinney, Texas (a Dallas suburb) that delivers product to these stores. Having been caught claiming that this distribution facility is Blockbuster's principal place of business (which, as noted above, it is ***not***), plaintiffs are now at a loss to identify any connection between this facility and their claims, which arise instead from their use of Blockbuster's website and their participation in Blockbuster Online. There is no reason to suspect that any evidence or witnesses relevant to this case will be found at this distribution facility or in Blockbuster stores within the Eastern Distict of Texas.

Finally, plaintiffs cannot rely simply on the fact that they chose to file this case in this District. Courts have made clear that such a choice is entitled (at best) to only minimal deference where, as here, the plaintiffs are nonresidents, there is no nexus between their claims and this District, and the case is a class action.

## II. THE PRIVATE AND PUBLIC INTEREST FACTORS SUPPORT TRANSFER TO THE NORTHERN DISTRICT OF TEXAS

The parties agree on the appropriate Section 1404(a) standard, which was set forth by the Fifth Circuit in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). They also do not dispute that the first prong of the *Volkswagen* test – that venue is proper in the Northern District of Texas – is satisfied here. But the parties disagree on the application of the private and public interest factors outlined in *Volkswagen*, as plaintiffs place improper reliance on absent members of the putative national class and too casually dismiss the obvious benefits inherent in litigating this case where all named parties reside—the Dallas Division of the Northern District of Texas.

### A. The Private Convenience Interest Factors.

The first set of factors, often referred to as the "private" or "convenience" factors, focuses primarily on the relative ease of litigating in the respective venues. *See Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001).[1] Here, plaintiffs cannot articulate a single reason why the Eastern District of Texas is more convenient than the Northern District of Texas.

Indeed, plaintiffs cannot identify a single witness who resides in the Eastern District. As Blockbuster pointed out in its motion, its likely witnesses all work at Blockbuster's corporate headquarters in downtown Dallas. Plaintiffs point to the fact that Blockbuster has a distribution facility in McKinney, Texas, but they do not (and cannot) suggest that any likely witnesses work there. Moreover, there is no dispute that all three plaintiffs reside in Dallas County. Trying to minimize the importance of this fact, plaintiffs offer to give their depositions in Dallas, but this concession only serves to emphasize that this is a Dallas dispute, not one that should proceed in the Eastern District.

Plaintiffs are similarly unable to point to any evidence located in this District. Again, the McKinney distribution facility does not help them here, because there is no connection between it and their claims in this case. Plaintiffs' claims relate to Blockbuster's website and its online subscription program, which are operated out of Blockbuster's headquarters in Dallas, Texas.

The fact that Facebook's witnesses and documents are located in California also militates in favor of transfer to Dallas. Whereas Facebook's Palo Alto headquarters are a direct flight to the DFW airport, the added travel to Marshall would magnify both the cost and overall burden of

---

[1] These factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 371 F.3d at 203. The Fifth Circuit is now considering these same issues *en banc* in another Volkswagen case. *See In re Volkswagen of America,* 506 F.3d 376 (5th Cir. 2007), *reh'g en banc granted*, 517 F.3d 785 (5th Cir. 2008).

3

Facebook witnesses who might otherwise consider willingly participating in any trial of this case. The Fifth Circuit has cogently explained how such burdens adversely affect litigants and counsel. *See Volkswagen*, 371 F.3d at 204-05.

Unable to dispute that the Eastern District is less convenient than the Northern District, plaintiffs attempt to suggest that their choice of forum is sacrosanct. Under the facts presented here, however, it is not. Although courts have recognized that a plaintiff's choice of forum can be an important factor, its significance "is reduced if the forum is not the plaintiff's place of residence." *See Goldstein v. RadioShack Corp.*, No. 6:06-CV-285, 2007 WL 1342533, * 2 (E.D. Tex. May 1, 2007). The same is true "[w]here the plaintiff's chosen forum has no factual nexus to the case." *Hanby*, 144 F. Supp. 2d at 677. And a plaintiff's choice is also "given less weight when the case is a class action." *Goldstein*, 2007 WL 1342533, at *2. This is particularly true where, as here, plaintiffs seek to represent a nationwide class with no special connection with this District. *See, e.g., Saurage v. Rave Reviews Cinemas, LLC,* No. 07-528-JJB-CN, 2008 WL 205342, at *2 (M.D. La. Jan. 23, 2008); *Georgouses v. NaTec Res. Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Thus, the relevant decisions reject plaintiffs' heavy reliance on its choice of forum in this circumstance. In *Shoemake v. Union Pacific Railroad Co.*, 233 F. Supp. 2d 828 (E.D. Tex. 2002), the court noted that "this argument does not carry significant merit when the case law clearly weighs against the amount of sacrosanctity with which Plaintiff regards his choice of forum." *Id.* at 831. Because this case is a class action with no nexus to the chosen forum, the deference that plaintiffs' forum choice should receive is minimal at best.

**B.  The Public Interest Factors.**

The second set of factors, often called the "public interest" factors, look to promote the

4

"fair and efficient administration of justice." *See Shoemake*, 233 F. Supp. 2d at 830. The parties here focus on the first two factors: (1) the administrative difficulties flowing from court congestion, and (2) the local interest in resolving localized disputes at home. *See id.*[2] Neither factor supports keeping this case in the Eastern District.

With regard to administrative issues, plaintiffs do not dispute that this District is extremely busy. It has a higher per-judge caseload, both on unweighted and weighted bases. *See* Mot. at 13-14. Plaintiffs do not dispute that the Northern District has a faster median dispositive time. *See id.* at 14. Plaintiffs also ignore that the Northern District, like this District, has long had a Civil Justice Expense and Delay Reduction Plan. In short, the Northern District has the procedures and resources to ensure that transfer will not result in any undue delay.

Plaintiffs also cannot rely on the general preference for resolving localized disputes at home. Their argument on this factor fails at its most basic level: This is not a dispute that is *local* to the Eastern District, and the Eastern District is not plaintiffs' *home*. As discussed above, there is no particular nexus between plaintiffs' claims and this District. The fact that plaintiffs seek to represent a nationwide class would not make this a local dispute, either, as residents of this District have no greater interest in its outcome than their counterparts in any judicial district across the country.

### III. CONCLUSION

Based on the foregoing, Blockbuster respectfully requests that the Court grant this motion and transfer this case to the United States District Court for the Northern District of Texas.

---

[2] The parties agree that the other public interest factors, which concern relative familiarity with foreign law and application on conflicts of law, are neutral.

Respectfully submitted,

/s/ Frank C. Brame
Michael L. Raiff
  State Bar No. 00784803
Frank C. Brame
  State Bar No. 24031874
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
214.220.7705
214.999.7705 (fax)
mraiff@velaw.com

*ATTORNEYS FOR DEFENDANT BLOCKBUSTER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Reply in Support of Its Motion to Transfer Venue was served by ECF on the 14th day of July, 2008 on counsel of record for Plaintiffs.

/s/ Frank C. Brame
Michael L. Raiff

Dallas 1429498v.2