IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARY AM HOSSEINY on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER, INC.<br>Defendant. | CAUSE NO. 2:08-cv-00155<br><br>**JUDGE: DAVID FULSOM** |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S
OPPOSED MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE FOLSOM:

Plaintiffs in the above-referenced suit files their Sur-Reply to Defendant's Opposed Motion to Transfer Venue and Brief in Support, and would respectfully show the Court as follows:

Blockbuster fundamentally misstates the law of transfers in the very first sentence of its reply brief by positing that "plaintiffs offer no compelling reason why this case . . . [s]hould proceed in Marshall." In doing so, Blockbuster completely ignores the fact that Blockbuster, *not Plaintiffs,* bears the heavy burden of demonstrating why the forum should be changed.[1] To prevail, the movant must convincingly establish that the balance of convenience and justice *weighs heavily* in favor of the transfer.[2] Blockbuster has failed to do so, instead focusing on Plaintiffs supposed lack of justification for filing suit in the Eastern District.

---

[1] *See e.g., Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).
[2] *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) ("To prevail, the moving party must show that the balance of convenience and justice weights heavily in favor of the transfer. Therefore, when assessing the merits of a § 1404(a) motion, a court must determine if a transfer would make it substantially more convenient for the parties to litigate the case.") (internal citations omitted).*Shoemake v.*

To its burden, Blockbuster must overcome the fact that Plaintiffs have chosen a legitimate forum and demonstrate, convincingly that the interests of justice warrant overruling that venue choice. It is well recognized in this jurisdiction (and many others) that the plaintiff's initial choice of forum "is the primary factor to be considered" in determining motions to transfer venue.[3] Indeed, this very court has expressed the historic view that a plaintiff's right to choose a forum is a "well established", "usually highly esteemed", "paramount consideration in any determination of transfer request" that "should not be lightly disturbed."[4]

Blockbuster contends, however, that Plaintiffs' choice of forum should be given little weight because Plaintiffs do not reside in the Eastern District and cites cases to that effect. This District has also ruled, however, in a very well-reasoned opinion, that the significance of Plaintiffs' choice of forum never disappears and is never diminished.[5]

---

*Union Pacific R.R. Co.* 233 F.Supp.2d 828, 829 (E.D.Tex.,2002) ("To prevail on its motion to transfer venue, the movant must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer.").

[3] *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 780-81 (E.D. Tex. 1992) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necesary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Time, Inc. v. Manning*, 366 F.2d 670698 (5th Cir. 1966) ("Plaintiff's privilege to choose, or not to be ousted from his chosen forum is 'highly esteemed.'") (other internal citations omitted)).

[4] *In re Triton Limited Securities Litigation*, 70 F. Supp. 2d 679, 687 (E.D. Tex. 1999) (internal citations and quotations omitted); *see also Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774, n.18 (E.D. Tex. 2000) (". . . plaintiff's choice of forum is typically the *first* factor listed for Section 1404(a) analyses in most court's opinions. It is axiomatic that the *very first* factor historically considered by courts in Section 1404(a) analyses is not the tailbone. If anything, it's the head.") (internal citations and quotations omitted).

[5] As was stated in *Mohamed v. Mazda Motor Corp.* 90 F.Supp.2d 757, 773 -774 (E.D.Tex.,2000)("Judge Schell held that "deference to plaintiff's choice of forum disappears when the lawsuit has no connection ... to the venue chosen." *Reed v. Fina Oil and Chemical Co.*, 995 F.Supp. 705, 714 (E.D.Tex.1998) (citing *Lindloff*, 950 F.Supp. at 185; *Fletcher*, 648 F.Supp. at 1404; *Lands v. St. Louis Southwestern R.R. Co.*, 648 F.Supp. 322, 324 (E.D.Tex.1986)). But closer examination of this authority reveals that it is, in fact, a proposition taken out of context from a district court opinion on a class action over forty years ago-more important, this proposition is in direct contravention to the United States Supreme Court's admonition *774 that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839 (considerable emphasis added*).*")(" *The time has come to lay this ungrounded, "disappearing deference" proposition to rest; and this Court does so today. In this Court, deference to the plaintiff's choice of forum never "disappears" under any circumstances. Rather, it routinely falls under this Court's analysis with the other ten or so private and public interest factors necessary for a proper Section 1404(a) analysis.*")(emphasis added).

In *Mohamed v. Mazda Motor Corp.*[6] the Court analyzed the authorities supporting a diminished significance for a plaintiff's choice of forum and concluded that "closer examination of this authority reveals that it is, in fact, a proposition taken out of context from a district court opinion on a class action over forty years ago-more important, this proposition is in direct contravention to the United States Supreme Court's admonition that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed."[7] The Court proceeded to hold that "[t]*he time has come to lay this ungrounded, "disappearing deference" proposition to rest; and this Court does so today. In this Court, deference to the plaintiff's choice of forum never "disappears" under any circumstances. Rather, it routinely falls under this Court's analysis with the other ten or so private and public interest factors necessary for a proper Section 1404(a) analysis.*"[8] As Judge Heartfield recognized, the supposed minimized deference to a plaintiff's forum choice simply has no basis in law.

---

[6] 90 F.Supp.2d 757, 773 -774 (E.D.Tex.,2000).

[7] *See id.* (The *Reed* opinion cites *Lindloff v. Schenectady* which in turn cites *Fletcher v. Southern Pacific Transp. Co.,* 648 F.Supp. 1400, 1404 (E.D.Tex.1986) and *Morgan v. Illinois Cent. R.R. Co.,* 161 F.Supp. 119, 120 (S.D.Tex.1958). But neither *Fletcher* nor *Morgan* say that deference "disappears," but only that it is given "minimal consideration." *Id.* But even that is an incorrect statement of the law. *Morgan* gets it from a 1955 Seventh Circuit case, *Chicago R.I. & P.R. v. Igoe,* 220 F.2d 299 (7th Cir.1955), which explicitly adopts the reasoning of *Josephson v. McGuire,* 121 F.Supp. 83, 84 (D.C.Mass.1954), which held (without citation to authority) that the plaintiff's choice of forum was entitled to only minimal value when (1) the conduct occurred elsewhere *and* (2) "when the plaintiff sues as a representative of a large class of shareholders who presumably are scattered throughout the country and are in number of persons and in number of shares held not shown to be located principally in this State, nor anxious to have litigation heard in this State." *Id.* So *Igoe,* the genesis of this "minimal" or "disappearing" deference proposition-itself vaporlaw-didn't even accurately restate the law it claimed it was adopting. Finally, with the exception of *Igoe, no* appellate court has ever sanctioned the contention that deference to the plaintiff's choice of form "disappears"-under *any* circumstances. Such an ungrounded proposition lies in direct contravention to the Supreme Court's *Gulf Oil* ruling, as transferred to Section 1404(a) by the afore-mentioned Fifth Circuit authority, holding the aggrieved party should have the privilege of choosing where he wants to seek redress. Recent efforts by district courts to dilute the deference to plaintiff's choice of forum are both unfounded and unnecessary in light of the *Gulf Oil* holding and the appropriate Section 1404(a) analysis using the eleven or so private and public interest factors to combat what defendants call "blatant forum shopping"-whatever that is. The time has come to lay this ungrounded, "disappearing deference" proposition to rest; and this Court does so today. In this Court, deference to the plaintiff's choice of forum *never* "disappears" under *any* circumstances. Rather, it routinely falls under this Court's analysis with the other ten or so private and public interest factors necessary for a proper Section 1404(a) analysis.[FN18] And, as Judge Schell noted, "it is safe to say that ordinarily plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors weigh substantially in favor of transfer." *Robertson,* 42 F.Supp.2d at 656.

[8] (emphasis added).

Applying this test, and affording Plaintiffs the appropriate deference to choose amongst several proper forums, it becomes clear that the Eastern District of Texas is as convenient as the Northern District. Blockbuster faces a "heavy burden" of overcoming the "strong presumption" that this case should remain in Plaintiffs' chosen forum. Blockbuster's attempt to meet this heavy burden falls short. The only evidence Blockbuster can direct this Court to is either in Blockbuster's possession or within the knowledge of Blockbuster employees. That is with the exception of the evidence in the possession of Facebook, which is in California. Blockbuster's feeble argument that it is more convenient for a California entity and California witnesses to appear in the Northern District of Texas rather than the Eastern District of Texas is hardly sufficient to overcome the deference to be given to Plaintiffs' choice of forum.

Blockbuster wants to be sued in its own District. That is understandable. However, that fact alone is insufficient to warrant transfer. Blockbuster is essentially attempting to create a *de facto* rule that a defendant should be sued in his home district and that a Plaintiff must justify any lawsuit outside of that district. This is simply not the law. This lawsuit would be just as conveniently tried in the Eastern District as the Northern District. In this context, a tie goes to the plaintiff. The only real argument Blockbuster makes is that its employees are in the Northern District. Plaintiffs have cited cases, however, which recognize that this fact alone is insufficient to warrant transfer. Beyond that, all of the other evidence necessary to try this case is found in California. It is just as convenient to obtain evidence in California to present at trial in the Eastern District as it is in the Northern District. For these reasons, Blockbuster has simply failed to meet its burden. It has never been denied that venue is proper in the Eastern District. Plaintiffs merely seek to have their case heard in their chosen venue. Blockbuster has failed to present any compelling reason why justice dictates depriving Plaintiffs of that choice.

For these reasons, Plaintiffs respectfully request that Blockbuster's Motion to Transfer Venue be denied.

I.

## CONCLUSION

As the factors relating to the convenience of the litigants as well as the factors relating to the public interest in the fair and efficient administration of justice favor the adjudication of this case in the Eastern District of Texas, Plaintiff respectfully requests that Defendant's Motion to Transfer Venue be denied.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

/s/ Jeremy R. Wilson
Jeremy R. Wilson
State Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214) 953-3900
Facsimile: (214) 953-3901

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via facsimile on this the 24th day of July, 2008.

/s/ Jeremy R. Wilson
Jeremy R. Wilson