# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS,<br>MARIO HERRERA, and MARYAM<br>HOSSEINY on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:08-cv-00155 |

## JOINT CONFERENCE REPORT

In accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's Order to Conduct Rule 26(f) Conference, Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny ("Plaintiffs") and Defendant Blockbuster Inc. ("Defendant") respectfully submit the following Joint Conference Report.

**1.      A factual and legal description of the case which also sets forth the elements of each cause of action and each defense;**

Plaintiffs' claims arise from their use of Blockbuster's website and their participation in Blockbuster Online, which is an Internet subscription service through which customers can rent and purchase DVDs.   Plaintiffs' claims also relate to their accounts with Facebook.  Facebook is a social networking website that allows users (like Plaintiffs) to communicate with friends, upload photographs, join networks, and operate a variety of user applications.  With a Facebook account, Facebook users have control over how they share their own information and who can see it.   All of the Plaintiffs maintain Facebook accounts.   They assert in this lawsuit that Defendant violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by disclosing "personally identifiable information" (including their own) to Facebook and to others.

Dockets.Justia.com

Defendant disputes these allegations. Defendant maintains that, among other things, the disclosures of which Plaintiffs complain are actually made to the consumers through their Facebook account. According to Defendant, nothing in the VPPA prohibits Defendant from communicating with its members through Facebook, and Defendant cannot be liable for its members' decisions to further share information with their Facebook friends.

Plaintiffs dispute Defendant's characterizaion of how and to whom this communication occurs. In fact, Plaintiffs maintain that the alleged illegal disclosures are made directly to Facebook, a third party without legal authorization to receive said communications.

Plaintiffs bring one cause of action, under the VPPA, 18 U.S.C. § 2710(b). Plaintiffs plead that Defendant: (1) is a "Videotape Service Provider, (2) acted knowingly, and (3) disclosed "personally identifiable information" in violation of the VPPA, without the express, written consent of the consumer obtained at the time of said illegal disclosure. Defendant denies these allegations and asserts defenses, including but not limited to: (1) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(A) because each alleged disclosure of information, if any, was made to the consumer, (2) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(E) because each alleged disclosure of information, if any, was made in the ordinary course of business, (3) Plaintiffs' claims are barred because the alleged disclosure, if any, did not contain personally identifiable information, and (4) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(B) because each alleged disclosure of information, if any, was made with Plaintiff's consent.

2.    **The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represented;**

The Rule 26(f) conference was held on July 8, 2008.    Thomas M. Corea and Jeremy R. Wilson of The Corea Firm, PLLC attended on behalf of Plaintiffs.  Mike Raiff and Frank Brame of Vinson & Elkins attended on behalf of Defendant.

3.    **A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court;**

None.

4.    **An agreed discovery/case management plan, if an agreement can be reached, (a sample Scheduling Order form is enclosed, and the parties are to submit a completed Scheduling Order with their joint conference report), which includes proposed deadlines for the following:**

Plaintiff's proposal

Defendant is seeking to postpone the entry of a scheduling order in this case on the basis of a purported arbitration agreement allegedly entered into between the parties.  Plaintiffs contend, however, that this purported agreement is an invalid, unconscionable, and an unenforceable adhesion contract under applicable common law, various state's laws, and statutory constructions, for at least the following reasons:  The purported agreement is what is known as a "click wrap" agreement, which means that Plaintiffs never actually signed nor were presented with any written agreement to sign, but rather agreed only generally (by checking a box on their computer screen) to Defendant's terms and conditions  Buried within those terms and conditions lay the purported arbitration agreement, which was not conspicuously disclosed to Plaintiffs.  Furthermore, the alleged agreement purports to require Plaintiffs to proceed with individual arbitration, seeking to waive the use of any class proceeding to address Defendant's violations of any law.  The purported agreement is also one-sided in its protections, flowing only to the benefit of Defendant.  The purported arbitration agreement was also unsigned and

submitted to the Plaintiffs on a take it or leave it basis, by an entity with far superior bargaining power. For these reasons, which will be more fully set out in subsequent briefing of this issue, Plaintiffs maintain that further delay should be avoided by entering a scheduling order now and allowing Defendant to seek arbitration within the context of that scheduling order. Thus, Plaintiffs ask the Court to enter the attached proposed scheduling order, Exhibit A, and to allow Defendant to move to compel arbitration.

<u>Defendant's proposal.</u>

Defendant believes that this case is subject to a binding arbitration agreement and should proceed in an individual arbitration. Accordingly, Defendant will be filing a motion to compel individual arbitration. Because the parties agreed to individually arbitrate this matter rather than proceed in federal court, Blockbuster believes it is premature and inappropriate to proceed with discovery. In addition, Defendant has filed a motion to transfer venue to the Northern District of Texas because all parties reside in the Dallas Division of the Northern District.

In light of the arbitration agreement and the pending motion to transfer venue, Defendant respectfully requests that the Court address the threshold arbitration and venue issues before entering a scheduling order. As courts have recognized, the benefits of arbitration are eroded and sometimes lost if the parties are forced to proceed in a judicial forum during the pendency of a motion to compel arbitration. That is particularly true where, as here, the enforcement of Blockbuster's individual arbitration agreement affects not only the forum of the dispute (arbitration versus court) but also the form of it (individual versus potential class proceedings). If the motion to compel arbitration is granted, the case should proceed in arbitration and no case management plan or scheduling order will be required in this judicial proceeding. Defendant

respectfully proposes that if the motion is denied, the parties should submit a joint case management plan within 30 days after the Court's ruling on the arbitration motion.

Alternatively, Defendant proposes that the Court enter the Scheduling Order attached as Exhibit A.

**5.      A suggested date for the final pre-trial conference (see enclosed list of the court's available dates) at which time the trial will be scheduled;**

October 5, 2009.

**6.      The expected length of trial;**

10-15 trial days.

**7.      Whether the parties jointly agree to trial before a magistrate judge;**

No.

**8.      Whether a jury demand has been made; and**

Plaintiffs have demanded a jury trial.

**9.      Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

No.

| /s/Jeremy Wilson w/ permission | /s/ Michael Raiff / |
|---|---|
| Thomas M. Corea | Michael L. Raiff |
|   State Bar No. 24037906 |   State Bar No. 00784803 |
| Jeremy Reade Wilson | Frank C. Brame |
|   State Bar No. 24037722 |   State Bar No. 24031874 |
| Preston J. Dugas III | VINSON & ELKINS L.L.P. |
|   State Bar No. 24050189 | Trammell Crow Center |
| THE COREA FIRM, PLLC | 2001 Ross Avenue, Suite 3700 |
| 325 North St. Paul, Suite 4150 | Dallas, TX 75201-2975 |
| Dallas, TX 75201 | Telephone: 214.220.7700 |
| Telephone: 214.953.3900 | Facsimile: 214.220.7716 |
| Facsimile: 214.953.3901 | |

*ATTORNEYS FOR PLAINTIFFS*       *ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Conference Report was served by ECF on the 30th day of July, 2008 on counsel of record for Plaintiffs.

/s/ Frank C. Brame
Frank C. Brame

Dallas 1402791v.1