IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARY AM HOSSEINY on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER, INC.<br>Defendant. | CAUSE NO. 2:08-cv-00155<br><br>JUDGE: DAVID FULSOM |

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Plaintiffs file this Sur-Reply in Further Opposition to Defendant's Motion to Compel Individual Arbitration, and would respectfully show the Court as follows:

Simply put, Defendant has failed to demonstrate that a valid arbitration agreement exists. As recently as February of this year, the Fifth Circuit Court of Appeals, reviewing an almost identical arbitration agreement held that agreement to be illusory and unenforceable.

In *Morrison v. Amway Corp., et al.*[1], Amway informed its distributors that it was amending its Rules of Conduct to include an arbitration agreement. The arbitration provision mandated arbitration for "any . . . claim or dispute arising out of or relating to [an] Amway distributorship. . . ."[2] Pursuant to the Rules of Conduct (in which the arbitration provision was added) every distributor agreed "to conduct [his or her] business according to the Amway Code of Ethics and Rules of Conduct, *as they are amended and published from time to time. . .*"[3] Thus, as in this case, Amway retained an overarching, unilateral right to amend its "Rules of

---

[1] *Morrison, et al. v. Amway Corp., et al.*, 517 F.3d 248 (5th Cir. 2008).
[2] *See id.*
[3] *See id.*

Conduct" at any time. This overarching right to amend the Rules of Conduct also allowed it to amend the arbitration agreement at any time because the arbitration agreement was contained within the Rules of Conduct. Also, just as Blockbuster argues in this case, the arbitration agreement in *Amway* did not become effective until it was published. This is the exact same scenario presented in this case. The Fifth Circuit, just eight months ago, applying Texas law, held that the arbitration agreement was illusory and unenforceable.

The Fifth Circuit noted that "there [was] nothing to suggest that once published the amendment would be inapplicable to disputes arising, or arising out of events occurring, *before* such publication, and thus the arbitration agreement [was] illusory."[4] Therefore, the Court held that because Amway could simply amend its arbitration agreement and apply that amendment retroactively, the agreement was illusory.

As noted in Plaintiffs' Response to Blockbuster's Motion to Compel Arbitration, the "Terms and Conditions" relied upon by Blockbuster provide: ""*Blockbuster may <u>at any time, and at its sole discretion</u>, modify these Terms and Conditions of Use, including without limitation the Privacy Policy, <u>with or without notice. Such modifications will be effective immediately upon posting</u>.*[5] Just as was the case in *Amway* there is no indication than any such amendments could not have retroactive effect. Just as was the case in *Amway*, should Blockbuster decide that it wishes to no longer be bound to this arbitration provision, it need only carve out the type of claim it wishes to pursue in Court and those changes to the policy would be binding at the time they are posted to Blockbuster's website, and would have *retroactive effect*. The Firth Circuit

---

[4] *Morrison.*, 517 F.3d at 254-57 (5th Cir. 2008).
[5] *See id.* (emphasis added).

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO**
**DEFENDANT'S MOTION TO TRANFER VENUE** Page 2

has held that this type of arbitration agreement is unenforceable, and that holding is binding on this Court.[6]

Also contrary to Blockbuster's arguments in this case, the Fifth Circuit held that the arbitration agreement was illusory despite that fact that the right to unilaterally amend the arbitration agreement was contained in a separate provision of the overall agreement. The Court noted that "[t]here is no express exemption of the arbitration provisions from Amway's ability to unilaterally modify all rules." The Court concluded that because "[t]here [was] nothing in any of the relevant documents which precludes amendment to the arbitration program – *made under Amway's unilateral authority to amend its Rules of Conduct* – from eliminating the entire arbitration program or its applicability to certain claims or disputes so that once notice of such an amendment was published mandatory arbitration would no longer be available even as to disputes which had arisen and of which Amway had notice prior to the publication."

Thus, in this case, just as in *Morrison*, the arbitration agreement is illusory because Blockbuster, like Amway, has no limitations on its power to change or alter the contract. Blockbuste*r* argues that the "Dispute Resolution" provision governing arbitration does not permit it to amend the arbitration provision or avoid its promise to arbitrate because the agreement explicitly provides that it applies to "[a]ll claims, disputes or controversies . . . whether pre-existing, present or future."[7] However, Blockbuster has left itself ample "wiggle" room by providing that it may modify "Terms and Conditions of Use," which include the arbitration agreement, as it sees fit and at its sole discretion. As the changes-in-terms provision is encompassing of *all* provisions under the Contract, including the "Dispute Resolution"

---

[6] *Lee v. Frozen Food Exp., Inc.* 592 F.2d 271, 272 (5th Cir. 1979) ("Once a panel of this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels . . . absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong.").

[7] Dineen Decl. Ex. 2 at 4, attached to *Defendant's Motion to Compel Individual Arbitration*.

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO**
**DEFENDANT'S MOTION TO TRANFER VENUE**                                        Page 3

provision, Blockbuster ultimately reserves the right to change the rules whenever it suits Blockbuster. And there is no prohibition against retroactive amendments, as there have been in other cases allowing this type of provision. As the Fifth Circuit just ruled, such unilateral language makes Blockbuster's promise to arbitrate illusory and invalidates its own "Dispute Resolution" provision.

Defendant cites *In re Champion Technologies, Inc.* as authority for the proposition that a change-in-terms provision will not render an arbitration provision illusory when any changes to the arbitration provision would only have a prospective effect. This case, however, is easily distinguishable. In *In re Champion Tech.*, an employer entered into a stand-alone arbitration agreement with its employees. The stand-alone arbitration agreement specifically stated the following:

> "This [arbitration agreement] may be amended by [employer] at any time by giving at least 30 days' notice to current Employees. However, *no amendment shally apply to a Dispute for which a proceeding has been initiated pursuant to the Rules, unless otherwise agreed.* (emphasis added)
>
> [Employer] may amend the Rules at any time by serving notice of the amendment on AAA. However, *no amendment of the Rules shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rules, unless otherwise agreed.*" (emphasis added)[8]

The second sentence provides that the Employer cannot unilaterally amend after arbitration has been initiated. The Court concluded that this provision in the contract establishes that changes to the agreement would only have a prospective effect.[9] The Court pointed out that there was an initial thirty-day period during which the employer could not have amended or terminated the

---

[8] *In re Champion Techs., Inc.*, 222 S.W.3d 127, 131 (Tex. App.—Eastland 2006, no pet.).
[9] *Id.* at 132.

arbitration agreement; and this initial thirty-day window of protection negates the illusory promise contention of the employees.[10]

In the instant case, the contract, arbitration agreement, and change-in-terms provision are devoid of such limiting language (and are more analogous to terms used in *Morrison*). Blockbuster's change-in-terms provision literally reads:

> "Blockbuster may *at any time*, and at its sole discretion, modify these Terms and Conditions of Use, including without limitation the Privacy Policy, *with or without notice*. Such modifications will be effective immediately upon posting." (emphasis added)[11]

It is clear that without any limiting language on any retroactive effects, such as the provisions analyzed in *In re Champion Tech.*, any changes or amendments made by Blockbuster may, indeed, have the retroactive effect of no longer binding Blockbuster to arbitration, thereby making the agreement and contract illusory.

Defendant's reliance on *In re Halliburton Co.* is also misplaced. There, an employer sent notice to all of its employees that it was adopting a Dispute Resolution Program. The notice informed employees that, by continuing to work after a specified date, they would be accepting the new program. The employee at issue in that case did continue to work for his employer after the specified date, thus accepting the terms in the Dispute Resolution Program. The employer also included a change-in-terms provision that allowed it to retain the right to modify or discontinue the agreement. But there, as in *In re Champion Tech.*, the agreement also provided

---

[10] The *In re Champion Tech.* court also points out that the employer's "Code of Conduct" and "Workplace Rules" included provision that the employer retains the right to amend, alter and terminate policies and procedures at any time. However, as part of the stand-alone arbitration agreement, the employer had each employee sign an acknowledgment pages that read, "I further recognize that [employer] may amend, change, or terminate the [arbitration agreement] *only* in accordance with [aforementioned amendment provision] and that policies, provisions, or statements contained in any document other than the [arbitration agreement], which address [employer's] right to amend, change, or terminate policies, procedures, or programs, shall not apply to the [arbitration agreement.]" The court concluded that since the employer's right to amend at any time provision was outside the arbitration agreement, the employer was bound by the change in term provisions within the arbitration agreement only. *Id.* at 133-34.

[11] Dineen Decl. Ex. 2 at 1.

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO**
**DEFENDANT'S MOTION TO TRANFER VENUE**                                                                 Page 5

that "no amendment shall apply to a Dispute of which the [employer] had actual notice on the date of the amendment." Again, the court concluded that this supplemental provision shows that any changes can only have a prospective effect, therefore, negating claims of illusory promises.[12]

Here, Blockbuster does not include any limiting language in its contract or arbitration agreement that any amendments or changes are only prospective in nature. As any changes can easily be retroactive, Blockbuster's promise to arbitrate is illusory and the arbitration agreement and contract, as a whole, are invalid.

In short, Blockbuster has simply retained too much authority to change this agreement at will for it to be enforceable. Blockbuster wants to have its proverbial cake and eat it too. The Fifth Circuit Court of Appeals has just held that a party cannot retain such expansive amendment rights so that it is not bound by the agreement. For these, as well as all the other reasons raised in Plaintiffs' Response to Defendant's Motion to Compel Arbitration, including unconscionability and lack of consideration, Plaintiff respectfully submits that Blockbuster has failed to meet its burden of establishing the existence of a valid arbitration agreement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Blockbuster's Motion to Compel Arbitration be denied.

---

[12] *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002).

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**


/s/ Jeremy R. Wilson
Jeremy R. Wilson
State Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214) 953-3900
Facsimile: (214) 953-3901

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via facsimile on this the 3rd day of October, 2008.


/s/ Jeremy R. Wilson
Jeremy R. Wilson