IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS, § | | |
| MARIO HERRERA, and MARYAM § | | |
| HOSSEINY on behalf of themselves and § | | |
| all others similarly situated, § | | |
| § | | |
| Plaintiffs, § | | |
| § | CIVIL ACTION NO. 2:08-cv-00155 | |
| v. § | | |
| § | | |
| BLOCKBUSTER INC. § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
AMENDED MOTION TO TRANSFER VENUE**

Defendant Blockbuster Inc. ("Blockbuster") files this Reply in Support of its Amended Motion to Transfer Venue ("Motion"), and states as follows:

### I. INTRODUCTION

In their response to Blockbuster's Motion, Plaintiffs offer no compelling reason why this case—a dispute between a Dallas company and three Dallas plaintiffs—should proceed over 150 miles away from Dallas, in Marshall, Texas. None of the named parties have any particular connection to the Eastern District of Texas. Blockbuster's corporate headquarters is located just a few blocks from the federal courthouse in downtown Dallas, and Plaintiffs all live in Dallas County. The only connection between this case and the Eastern District of Texas is Plaintiffs' choice to file suit there. To the extent there was ever any doubt, the Fifth Circuit's recent opinion in *In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*"), makes clear that a plaintiff's venue choice does not control where, as here, a clearly more convenient venue is available.

## II. THE PRIVATE AND PUBLIC INTEREST FACTORS SUPPORT TRANSFER

Although the parties agree on the proper framework for analyzing Blockbuster's motion under Section 1404(a), they disagree on how that standard should be applied, particularly in light of the Fifth Circuit's recent opinion in *Volkswagen II*. Although Plaintiffs acknowledge that the *Volkswagen II* court held that a movant need only make a clear showing that the transferee court is "more convenient," they mistakenly equate this with the discredited "heavy burden" standard, suggesting incorrectly that their choice of venue is entitled to significant deference even where, as here, there is no connection between their claims and the chosen venue. In the end, Plaintiffs cannot point to ***any*** witnesses, documents, or other sources of proof located in the Eastern District and they offer no convincing reason why Dallas-based parties and third-parties flying through Dallas should be asked to assume the extra cost and burden of travelling to Marshall.

### A. The Private Interest Factors.

The first set of factors, often referred to as the "private" or "convenience" factors, focuses primarily on the relative ease of litigating in the respective venues. *See Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). Here, these factors demonstrate that the Northern District is "clearly more convenient" than the Eastern District. *Volkswagen II*, 545 F.3d at 315.

Indeed, Plaintiffs cannot identify a single witness who resides in the Eastern District. As Blockbuster pointed out in its motion, its likely witnesses all work at Blockbuster's corporate headquarters in downtown Dallas. Plaintiffs point to the fact that Blockbuster has a distribution facility in the Dallas suburb of McKinney, Texas, but they do not (and cannot) suggest that any likely witnesses work there. Moreover, there is no dispute that all three Plaintiffs reside in Dallas County. Trying to minimize the importance of this fact, Plaintiffs offer to give their depositions in Dallas, but this concession only serves to emphasize that this is a Dallas dispute.

Plaintiffs are similarly unable to point to any evidence located in this District. Again, the McKinney distribution facility does not help them here, because there is no connection between it and their claims in this case. All of the evidence relevant to Plaintiffs' claims is either in Dallas or California, not in McKinney or anywhere else in the Eastern District. Plaintiffs point to the overall square footage of the McKinney facility, but ignore the fact that none of this square footage is home to any of the servers, documents, or data used to operate Blockbuster Online. *See* Declaration of Ryan Miller ("Miller Dec.") ¶ 5.

The fact that Facebook is located in California also militates in favor of transfer to Dallas. Whereas Facebook's Bay Area headquarters are a direct flight to the DFW airport, the added travel to Marshall would magnify the cost and burden for any Facebook witnesses who might otherwise consider willingly participating in a trial. *See Volkswagen II*, 545 F.3d at 317 (explaining how such burdens adversely affect litigants and counsel). Plaintiffs' argument that the Eastern District is not rendered inconvenient by the fact that witnesses would have to travel "a bit further" to Marshall than to Dallas was rejected in *Volkswagen II*, where the Fifth Circuit made clear that the 155-mile distance between Dallas and Marshall was sufficient to render the Dallas Division "clearly more convenient." *See id.* at 317-38.

Unable to point to any witnesses located in the Eastern District, Plaintiffs argue—relying solely on a pre-*Volkswagen II* district court case—that the interests of the witnesses Blockbuster identifies as residing in the Northern District should be disregarded simply because they are affiliated with the parties. *See* Ps.' Resp. at 9-10 [ECF Doc. #28]. *Volkswagen II*, however, made clear that the convenience of party witnesses is an important and appropriate consideration. In that case, the court examined the cost of attendance for willing witnesses by looking at a witness list that included, among others, one of the individual defendants. *See* 545 F.3d at 317.

3

The court found that the 155-mile distance from Marshall to Dallas made Dallas a "clearly more convenience" venue for witnesses that reside in Dallas. *Id*. Nowhere did the court indicate that the cost of attendance or inconvenience for party witnesses should be ignored.

Plaintiffs also refuse to abandon their argument that modern technology renders this convenience analysis less important. *See* Ps.' Resp. at 6-8. The Fifth Circuit squarely rejected this argument, holding that the fact "[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." 545 F.3d at 316. Plaintiffs' attempt to distinguish the potential evidence at issue in this case from that in *Volkswagen II* is unavailing. The fact remains that **all** documents and evidence related to this litigation are located outside the Eastern District of Texas.

**B.     The Public Interest Factors.**

The second set of factors—the "public interest" factors—looks to promote the "fair and efficient administration of justice." *See Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The parties here focus on the first two factors: (1) the administrative difficulties flowing from court congestion, and (2) the local interest in resolving localized disputes at home. *See id.* Neither factor supports keeping this case in the Eastern District.

With regard to administrative issues, Plaintiffs do not dispute that this District is extremely busy. It has a higher per-judge caseload, both on unweighted and weighted bases. *See* Mot. at 14. Plaintiffs do not dispute that the Northern District has a faster median dispositive time. *See id*. Plaintiffs also ignore that the Northern District, like this District, has long had a Civil Justice Expense and Delay Reduction Plan. In short, the Northern District has the procedures and resources to ensure that transfer will not result in any undue delay.

Plaintiffs also cannot rely on the general preference for resolving localized disputes at home. Their argument on this factor fails at its most basic level: this dispute is not *local* to the

4

Eastern District, and the Eastern District is not Plaintiffs' *home*. Trying desperately to establish some particular connection between this dispute and the Eastern District, Plaintiffs assert that "this lawsuit involves violations of the rights of numerous residents of the Eastern District" and suggest that unnamed members of their purported class reside there. *See* Pls.' Resp. at 3, 13 & n.30. That may be true, but it proves too much. Plaintiffs' proposed class is national in scope, and there is no indication that putative class members are concentrated in the Eastern District. Plaintiffs' reasoning would apply with equal force to virtually every judicial district in the country. It is not surprising, therefore, that the same argument was rejected in *Volkswagen II*, where the Fifth Circuit held that it would "stretch[] logic in a manner that eviscerates the public interest that this factor attempts to capture" to assert that the citizens of Marshall have an interest in a case simply because a national product or service is available there. 545 F.3d at 318. As Blockbuster pointed out in its Motion, *Volkswagen II*'s holding has already been applied in a nationwide class action, where a Texas district court recognized that some putative class members resided in the transferor district, but still held that the transferee district had a greater interest in the case given the defendant's location there and the occurrence of certain underlying events in that district. *See Kleiner v. Sw. Airlines Co.*, 2008 WL 4890590, at *5 (W.D. Tex. Nov. 4, 2008). Not surprisingly, Plaintiffs fail to address *Kleiner* in their Response.[1]

## III. CONCLUSION

Because the Dallas Division of the Northern District of Texas is a "clearly more convenient" forum for this case than the Eastern District of Texas, Blockbuster respectfully requests that the Court grant this Motion and transfer this case to the United States District Court for the Northern District of Texas.

---

[1] As discussed above, Plaintiffs' reliance on Blockbuster's McKinney distribution center is a red herring. None of the employees, documents, data, servers, or any other source of proof is located at this distribution center.

5

Respectfully submitted,

/s/ Michael L. Raiff
Michael L. Raiff
  State Bar No. 00784803
Frank C. Brame
  State Bar No. 24031874
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
214.220.7705
214.999.7705 (fax)
mraiff@velaw.com

*ATTORNEYS FOR DEFENDANT BLOCKBUSTER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Reply in Support of Its Motion to Transfer Venue was served by ECF on the 17th day of December, 2008 on counsel of record for Plaintiffs.

/s/ Michael L. Raiff
Michael L. Raiff